**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No.: 24-mj-88 |
| : | |
| **KAYLA REIFSCHNEIDER,** : | |
| : | |
| : | |
| **Defendant.** : | |

### JOINT MOTION TO CONTINUE STATUS HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and the Defendant hereby jointly move this Court for a 30-day continuance of the status conference set for September 10, 2024, and to exclude the time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) , from the date this Court enters an order on this motion through and including the date of the next hearing.

The parties seeks a continuance for the following reasons: (1) the United States continues to provide individualized discovery to the Defendant, as well as global discovery generated from other sources; (2) the parties have been engaged in plea negotiations, and the defendant has a pending plea offer, and the parties believe they are close to a pretrial resolution of this matter; and (3) failing successful plea negotiations and taking into account the exercise of due diligence, the Defendant and the United States will need reasonable time necessary to prepare for trial.

### FACTUAL BACKGROUND

The Defendant is charged in a four-count criminal complaint with violating 18 U.S.C. § 1512(c)(2), Obstruction of an Official Proceeding; 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive

Conduct in a Restricted Building or Grounds; and 40 U.S.C. § 5104(e)(2)(F), Act of Physical Violence on Capitol Grounds.

Since the Defendant's initial appearance, the United States has provided a substantial portion of the most relevant, individualized discovery to defense counsel. The United States will continue to provide additional individual discovery. The United States is continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which has not yet been identified or examined. Thus, the parties seek additional time to disclose discovery, allow defense counsel time to review and consider that discovery, and to engage in plea negotiations that could result in an agreeable plea that would preserve judicial resources.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed or a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a nonexhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a

      miscarriage of justice.

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

      In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). Additionally, the government has recently extended a plea offer to the defendant, and the parties are close to a pretrial resolution of this matter.  The parties would like to continue to engage in plea negotiations and request additional time to engage in those

discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial and the filing of an indictment.

Accordingly, the parties respectfully request that this Court grant the motion to continue the Status Hearing set for September 10, 2024 for an additional 30 days, and that the Court exclude the time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, from the date this Court enters an order on this motion through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/ Anthony W. Mariano*
Anthony W. Mariano
MA Bar No. 688559
Trial Attorney, Detailee
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov

***Counsel for the United States***

By:   */s/ Nabeel Kibria*
Nabeel Kibria
DC Bar No. 1022468
Ervin Kibria Law
800 Connecticut Avenue, NW
Suite 323
Washington, D.C. 20006
(202) 689-4439
Nabeel@ervinkibrialaw.com

***Counsel for Kayla Reifschneider***